JEFFERSON HAMPSON *v.* COVINGTON & LEXINGTON RAILROAD CO.

**Descent and Distribution—Ancestor's Debts—Interest—Absolute Title.**
> By the statute in force at the death of the ancestor, his heirs took the absolute title to the land, subject to be charged with the debts, but were not liable for interest.

APPEAL FROM KENTON CIRCUIT COURT.

January 23, 1872.

OPINION OF THE COURT BY JUDGE PETERS:

This suit was brought against appellants as heirs of J. Hampson, deceased, and Withers, as his personal representative, to enforce the collection of the subscription of the decedent of 10 shares of $50 each to the capital stock of appellee, charged to have been made in 1849.

The amount claimed in the petition is $500, which was all that was claimed in the account made out and verified under the statute and presented to the administrator for payment, and a judgment was rendered against him for that amount only.

Subsequently an attachment was sued out against appellant and levied on a house and lot in Covington, which, as is alleged, descended to them from their ancestor, the said J. Hampson, the ground for attachment is the alleged non-residence of appellants.

The attachment was sustained, and judgment rendered against appellants for $1,097.85, with interest from the 14th day of January, 1871, till paid, and costs, and the house and lot adjudged to be sold to pay the same, and of that judgment appellants complain.

Appellants at the death of their father were infants. He died, as the proof shows, before the Revised Statutes went into effect. And there has been no alienation of the estate.

By the statute in force at the death of the ancestor, his heirs took absolute title to the land subject to be charged with the debts, the creditors, however, having no lien on it, and they were only liable for its value, but were not liable for the profits, and of course was not chargeable with interest.

The Revised Statutes have changed the law so far as to make the

heir or devisee liable for the value of the estate devised or descended, but for interest where he has alienated the estate, but whether in case where there has been no alienation he would be liable for interest is not expressly declared by the statute, and not adjudicated. But be that as it may, under the law in existence at the death of the testator the appellants were not liable for interest, even if the pleadings in this case had authorized such a judgment. Chambers & Wife vs. Davis, 17 B. M. 526.

In the first amended petition on which the attachment was issued, there is not only no cause of action stated against appellants, but the affidavit thereto is wholly insufficient to authorize an attachment. And no facts sufficient to constitute a cause of action against appellants were stated until the 29th of March, 1862, when the third amended petition was filed and the affidavit to that was insufficient.

The judgment must, for the reasons stated, be reversed, and the cause remanded, with directions to discharge the attachment, and to render judgment for appellee for $500, with interest from the date thereof, to be levied of assets descended. Appellants will be entitled to costs on the attachment in the court below.

*Carlisle, for appellants.*
*Stevenson, Myers, for appellee.*